Carol E. Schultze, U.S. Dept. of Justice, Tax Div., Civ. Trial Section, Washington, D.C., for I.R.S.

Bruce Farmer, Missouri Attorney General's Office, Jefferson City, MO, for Missouri Dept. of Revenue.

**Myrtle Mae CANADY d/b/a Community Child Care Academy, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

No. 96–1196–CV–W–2.

United States District Court, W.D. Missouri, Western Division.

Feb. 3, 1997.

**ORDER**

GAITAN, District Judge.

On November 19, 1996, plaintiff Myrtle Mae Canady ("Canady") filed this civil action against the Internal Revenue Service ("IRS"), William Edgerly ("Edgerly"), an employee of the IRS, and the Missouri Department of Revenue ("Department of Revenue"). In her complaint styled "Complaint For Damages And Equitable Relief," Canady seeks relief from various IRS levies. Although the documents attached to the pleading clearly indicate plaintiff's dissatisfaction with a number of IRS levies, the complaint refers only to a levy issued against a check to be issued to plaintiff on November 15, 1996.[1]

On December 12, 1996, the Department of Revenue filed its motion to dismiss. In its motion to dismiss, the Department of Revenue argues that the Eleventh Amendment to the United States Constitution prohibits suits against the Missouri Department of Revenue. The Court agrees.

---

1. Plaintiff does not specifically state what type of action this is. As noted, the complaint is styled "Complaint For Damages and Equitable Relief." However, in her suggestions in opposition to the motion to dismiss, plaintiff states that her complaint "does not challenge the collection of taxes by the Missouri Department of Revenue. Plaintiff only seeks a Court Calculation for her taxes." (Plaintiff's Response to Missouri Department of Revenue's Motion to Dismiss, p. 1). As such, the Court will construe this action to be a suit brought for damages and declaratory judgment.

The Eleventh Amendment to the United States Constitution reads:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*Id.* Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). The Court is unaware of any Congressional abrogation relevant to this action. Moreover, the State of Missouri does not consent to sued in this matter. Therefore, this Court does not have subject matter jurisdiction to grant the relief sought by plaintiff.[2]

Accordingly, it is **ORDERED** that defendant Missouri Department of Revenue's motion to dismiss is **GRANTED**.

**2.** Additionally, the Department of Revenue argues that the Tax Injunction Act, 28 U.S.C. § 1341, bars federal court jurisdiction of this action. Because, however, the Court grants the Department of Revenue's motion to dismiss on the basis of Eleventh Amendment immunity, the Court need not address the applicability of the Tax Injunction Act to this matter.